UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| GREGORY KONRATH, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | CAUSE NO. 3:16CV790-PPS |
|  | ) |  |
| CAROLYN HOLDER, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

OPINION AND ORDER

Gregory Konrath, a pro se prisoner, filed a complaint alleging that his divorce lawyer committed legal malpractice from 2009 until March 2011. He acknowledges that Indiana has a two-year statute of limitations for legal malpractice claims. However, he argues that ever since he was diagnosed with Type II Bipolar Disorder in 2001, he has been under a legal disability which tolls the statute of limitations. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must screen the complaint.

"A person who is under legal disabilities when the cause of action accrues may bring the action within two (2) years after the disability is removed. Ind. Code § 34–11–6–1." *Whitlock v. Steel Dynamics*, Inc., 35 N.E.3d 265, 270 (Ind. Ct. App.), transfer denied, 37 N.E.3d 960 (Ind. 2015) (quotation marks and emphasis removed). Here is how the Indiana Courts have explained what it takes to qualify as being under a legal disability.

> "Under legal disabilities" includes "persons less than eighteen (18) years of age, mentally incompetent, or out of the United States." Ind. Code § 1–1–4–5(24) (emphasis added). "Mentally incompetent," in turn, means "of unsound mind." I.C. § 1–1–4–5(12). "Of unsound mind" is not currently defined in the Indiana Code. *See Fager v. Hundt*, 610 N.E.2d 246, 250 n. 2 (Ind.1993). The Indiana Supreme Court noted that although the phrase "of unsound mind" was previously defined, that statute was repealed in 1990 by P.L. 1–1990, Sec. 334. *Id*. (citing the previous statute, Indiana Code section 34–1–67–1). Specifically, "of unsound mind" was previously defined to include "idiots, noncompotes (non compos mentis), lunatics and distracted persons." *Id*. (emphasis added). The phrase "distracted person" was construed to mean "a person who by reason of his or her mental state is incapable of managing or procuring the management of his or her ordinary affairs." Id. (*quoting Duwe v. Rodgers*, 438 N.E.2d 759, 761 (Ind.Ct.App.1982)); *see also Collins*, 323 N.E.2d at 269 (noting that to be considered of unsound mind, the relevant proof "is whether the person claiming the benefit of the extension statute is incapable of either understanding the rights that he would otherwise be bound to know, or of managing his affairs, with respect to the institution and maintenance of a claim for relief").

*Id*.

Based on Konrath's description of himself in other filings in this court, it is clear that his Type II Bipolar Disorder did not prevent him from managing his ordinary affairs since 2001. In his complaint in another case, Konrath describes himself as a highly successful orthopedic surgeon who was able to climb the highest mountain on all seven continents.[1] (Cause No. 3:16CV537, DE 1 at 2.) In 2009 he earned $1.7 million dollars. (*Id.*) Though he took a medical leave in May 2010, he was ready to return to work in August 2010. (*Id*. at 3.) His earnings decreased when he changed positions, but he still practiced medicine and was able to earn $600,000/year. (*Id*. at 4.) It is unclear what limitations his Type II Bipolar Disorder placed on him, but it is clear that he was not under a legal

---

[1] See http://7summits.com/info/7stats/statistics_all_basic.php.

disability and unable to manage his own affairs. The statute of limitations was not tolled and this claim is untimely.

Some legal disability claims might be close calls – this one is not. This claim is frivolous. Some unsophisticated pro se filers might not understand whether they were legally disabled. They might file a case like this out of ignorance. Konrath was an orthopedic surgeon. He is a highly educated individual. This is one of 47 cases he has filed in this court. Though not formally trained in the law, he includes citations to cases and statutes. He makes reasoned legal arguments and is not just parroting what he has read. He has demonstrated that he understands the legal concepts he is presenting. Therefore this case will be dismissed because it is frivolous.

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, No. 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted). *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013) and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because it is frivolous.

**SO ORDERED.**

**ENTERED this 28th day of November, 2016.**

    /s/ Philip P. Simon
CHIEF JUDGE